Farrakhan v. Gregoire, No. 06-35669

GRABER, Circuit Judge, concurring in the judgment:

I concur in the judgment. Because I would resolve the case on the ground that we specifically remanded to the district court, I would not reach the issue addressed by the majority. I therefore do not concur in the majority opinion.

In Farrakhan v. Washington, 338 F.3d 1009, 1016 (9th Cir. 2003), we held that Plaintiffs' felon disenfranchisement claim is cognizable under Section 2 of the Voting Rights Act ("VRA"). We held that the district court had applied an erroneous standard instead of the correct "totality of the circumstances" standard. Id. at 1016-19. Rather than apply the test ourselves, we remanded to the district court for it to "make any requisite factual findings following an appropriate evidentiary hearing, if necessary, and assess the totality of the circumstances." Id. at 1020.

We denied Defendants' petition for rehearing en banc. Farrakhan v. Washington, 359 F.3d 1116, 1116 (9th Cir. 2004) (order). Seven judges dissented from denial of rehearing en banc. Id. at 1116-27 (Kozinski, J., dissenting from denial of rehearing en banc). The dissenting judges would have reversed the judgment of the three-judge panel because of their view that Section 2 of the VRA does not reach felon disenfranchisement laws. Id. The Supreme Court denied

certiorari.[1]  Locke v. Farrakhan, 543 U.S. 984 (2004).

On remand, the parties conducted additional discovery and filed new affidavits and other submissions, including expert reports.  The district court dutifully applied the "totality of the circumstances" test and concluded that, "[t]aking all of the relevant factors into account," Washington's felon disenfranchisement law does not violate the VRA.  Farrakhan v. Gregoire, No. CV-96-076, 2006 WL 1889273, at *9 (E.D. Wash. July 7, 2006) (unpublished).  I agree with the district court's thorough analysis and its conclusion that, although one of the many relevant factors supports a finding of discrimination, none of the other factors does.  Id. at *6-9.  I would affirm the district court on that ground.

Accordingly, there is no need to reach the question whether felon disenfranchisement laws may be challenged under Section 2 of the VRA.  Reaching that question is unnecessary because we can affirm on the ground described above—the ground that we mandated the district court to determine.

Perhaps more importantly, judicial prudence strongly suggests that we decline to reach that question.  We already decided that question in this case more than seven years ago.  We declined to rehear the case en banc, over a vigorous

---

[1] I note that we voted to deny rehearing en banc and that the Supreme Court denied certiorari only as important procedural history.  I do not intend to imply that either we or the Court actually voted on the merits of the legal issue.

dissent, and the Supreme Court denied certiorari. In the many years that have followed, the parties have conducted additional discovery, filed voluminous submissions, and written dozens of pages of briefs. The district court followed our mandate in detail and resolved the case on the ground that we had specified. On appeal to this court, the parties filed additional briefs, and the three-judge panel, too, resolved the appeal on the ground that it previously had specified.

Once we have resolved a preliminary and important point of law and the full court and the Supreme Court have declined to intervene, judicial prudence strongly suggests that we should not later disturb that ruling—and thereby undo years of effort by the parties and the courts—in the very same case when doing so is entirely unnecessary. The animating principles of the "law of the case" doctrine apply here: "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). I do not question the authority or legitimacy of the majority's opinion; I merely disagree with its discretionary decision to resolve this case on its chosen ground.[2] Were the result of this case to

_____

[2] The decision to revisit a precedent in a later, different case presents a different issue than whether to revisit an issue decided in an earlier stage of the same case.

3

hinge on that ground, or were there some compelling reason to reach the issue,[3] I might well come to a different conclusion.

---

[3] That the Supreme Court may soon vote to decide the issue is, in my view, a reason to defer submission of this case, not a reason to decide this case with haste.